NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODNEY KEARNEY, : | Hon. Dennis M. Cavanaugh |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 06-718 (DMC) |
| UNITED STATES OF AMERICA, : | Criminal No. 03-666 (DMC) |
| Respondent. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on a petition for writ of habeas corpus relief by Rodney Kearney ("Petitioner"), pursuant to 28 U.S.C. § 2255 to vacate, set aside or otherwise correct his sentence. This petition is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the pleadings submitted in support thereof, and the papers submitted in opposition thereto by Adam S. Lurie, Assistant United States Attorney ("Respondent"), on behalf of Christopher J. Christie, United States Attorney for the District of New Jersey, and for the reasons set forth below, Petitioner's request is hereby **denied**. Additionally, the petition for writ of habeas corpus relief is hereby **dismissed**.

## I. BACKGROUND

On April 11, 2003, Petitioner was arrested for unlawful possession of two weapons and possession of cocaine with an intent to distribute within 1,000 feet of a school zone. (Petitioner's Brief in Support of his §2255 Motion ("Pet. Br.") at 1). On June 22, 2005, Petitioner pled guilty to a one-count indictment charging Petitioner with possession of a firearm when he had

previously been convicted of a crime punishable by imprisonment for a term exceeding one year. (Respondent's Answer ("Ans.") at 1). As part of the written Plea Agreement ("Agreement"), Petitioner and Respondent stipulated: (1) if Petitioner entered a guilty plea, he would not be subject to further charges for violating the federal firearms laws on April 11, 2003; (2) the base offense level was 24; (3) Petitioner earned an additional decrease of three levels due to his acceptance of responsibility; and (4) Petitioner earned an additional decrease of one level by timely notifying authorities of his intention to plead guilty. (Ans. Ex. A at 7).

At the plea hearing, Petitioner admitted to possessing a nine-millimeter Ruger pistol and ninety-three vials of cocaine, at which time he previously had been convicted of at least one felony offense in New Jersey. (Ans. Ex. C at 16). The Agreement was summarized on the record and both Petitioner's counsel and Petitioner agreed the summary was accurate. (Ans. Ex. C at 7). Petitioner testified that he read, understood and voluntarily signed the Agreement. (Ans. Ex. C at 7-9) Petitioner stated he understood that he could not withdraw his guilty plea if he received a sentence more severe than he expected. (Ans. Ex. C at 13-14); At the sentencing on November 28, 2005, the Court sentenced Petitioner to 84 months incarceration and three years of supervised release. (Pet. Br. at 1). On February 16, 2006, Petitioner filed a habeas petition before this Court.

## II. DISCUSSION

### A. Standard for Ineffective Assistance of Counsel

A defendant must meet a high standard to be successful on a claim for ineffective assistance of counsel. A defendant making such a claim must first demonstrate his attorney's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove

deficiency, a defendant must prove the errors committed by his lawyer were so serious that his attorney failed to function as "counsel" guaranteed by the Sixth Amendment. Id. Second, a defendant must show that his attorney's deficient performance actually prejudiced his defense. In so doing, a defendant must demonstrate that he was deprived of a fair trial due to counsel's egregious errors. Id.

A court will consider a lawyer's performance effective if his performance appears reasonable under the prevailing professional norms. Id. at 688. Reasonableness is determined by examining a lawyer's performance and considering the information available to the attorney at the time of the trial. Zettlemoyer v. Fulcomer, 923 F.2d 284, 296 (3d Cir. 1991). It is not judged by "the distorted lense of hindsight." Id. The reviewing court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and should not second-guess decisions the lawyer made during the trial. Strickland, 466 U.S. at 689.

In addition to meeting these requirements, the Supreme Court of the United States has discussed this topic further stating:

> The representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 74 (1977). In order to overcome the presumption of verity, Petitioner must put forth specific and credible allegations that his statements in open court were the result of misunderstanding, duress, or misrepresentation. Leso. v. Lehman, 925 F.2d 1527,

1538 (3d Cir. 1991).

## B. Petitioner's Failure to Demonstrate Ineffective Counsel

Petitioner alleges his attorney was ineffective for failing to notify him that an admission of a possession of 93 vials of Cocaine with an intent to distribute within 1,000 feet of a school zone may enhance his sentencing guidelines. (Pet. Br. at 6). He claims he was prejudiced by his attorney's advice because it enhanced Petitioner's guidelines from 21 to 25. (Id.) Due to his ineffective counsel, Petitioner seeks this Court to vacate judgment and remand for re-sentencing. (Id. at 7).

Petitioner's allegations contradict his sworn testimony made during sentencing. (Answer Ex. C at 7-15). Under oath, Petitioner stated that he read, understood, and signed the Agreement "voluntarily." (Id. at 7-9). He testified that he had conferred with his attorney prior to signing the Agreement; when asked if there were any "questions or concerns his attorney had not adequately answered," Petitioner answered "no." (Id. at 8). Moreover, Petitioner stated that he was "satisfied" with his attorney's performance. (Id. at 11). In addition to his sworn testimony, Petitioner also signed the Plea Application, which stated, "I believe that my lawyer has done all that anyone could do as counsel to assist me, and I am satisfied with the advice and help my lawyer has given me." (Answer Ex. B at ¶ 39). Petitioner indicated that his plea was solely the product of his decision and not that of his attorney's. (Answer Ex. C at 11). Finally, the Prosecutor repeated the possible penalties in the Agreement; Petitioner stated that he was both aware these penalties existed and that he understood this Court did not yet know which sentence he would receive for his guilty plea. (Id. at 14). Petitioner also stated that he and his

attorney had discussed the possible sentences he could receive and that he fully understood the consequences of entering a guilty plea. (Id.)

Petitioner failed to present any evidence which satisfies the above standard. During his sentencing proceedings, Petitioner repeatedly told this Court he understood the Agreement and the consequences of entering a guilty plea. Petitioner also told this Court that his lawyer had adequately explained everything to him and that it was his decision and not his lawyer's to enter a guilty plea. Finally, Petitioner admitted possession of cocaine in the Agreement (Answer Ex. C. at 16). Other courts have held that a defendant who has stipulated to possession of drugs in a plea agreement and accepted this provision at the plea hearing, cannot then contend his attorney's conduct fell below the required standard of Strickland. See United States v. Williams, 176 F.3d 301, 312 (6th Cir. 1999). Here, the factual basis of the plea was established at Petitioner's sentencing. (Ans. Ex. C at 15-18).

As noted above, factual issues determined by a court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. §§ 2254(e)(1) (1997). Petitioner has failed to satisfy this burden since he has failed to demonstrate that he entered the Agreement under duress, nor has he adequately shown he entered the Agreement due to a misunderstanding or misinformation. See Lesko, 925 F.2d at 1537. The Supreme Court of the United States has held that when a guilty plea includes a confession that was not initially requested pursuant to the plea, the confession is admissible as long as it is voluntary. Hutto v. Ross, 429 U.S. 28 (1976). Accordingly, this Court sees no reason to reject factual findings contained in the record and accept Petitioner's contention.

Petitioner also claims ineffective counsel because his attorney disregarded his instructions to file an appeal. (Pet. Br. at 3-4). Accordingly, he seeks Habeas relief pursuant to Roe v. Flores Ortega, which holds that a defendant is entitled to an appeal based on a successful showing of ineffective counsel if counsel deprives him of an appeal that he otherwise would have taken. (See 528 U.S. 470, 484; Pet. Br. at 4). However, the Third Circuit has held that a defendant is not entitled to an appellate hearing if his allegations are contradicted conclusively by the record." See Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001). Due to the fact Petitioner knowingly and voluntarily waived his right to appeal in the Agreement, his contention that his lawyer failed to file a notice of appeal is rejected.

### III. CONCLUSION

For the reasons stated, Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2255 is hereby **denied**. Consequently, the matter is hereby **dismissed**.

S/ Dennis M. Cavanaugh<br>Dennis M. Cavanaugh, U.S.D.J.

Date: June 23, 2006
Original: Clerk's Office
Cc: All Counsel of Record
 File

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODNEY KEARNEY, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | Hon. Dennis M. Cavanaugh **ORDER** Civil Action No. 06-CV-718 (DMC) |

This matter coming before the Court on a petition for writ of habeas corpus relief by Rodney Kearney ("Petitioner"), pursuant to 28 U.S.C. § 2255 to vacate, set aside or otherwise correct his sentence. Pursuant to Rule 78 of the Federal Rules of Civil Procedure this matter was decided without oral argument. After carefully considering the pleadings submitted in support thereof, and the papers submitted in opposition thereto by Adam S. Lurie, Assistant United States Attorney ("Respondent"), on behalf of Christopher J. Christie, United States Attorney for the District of New Jersey, and for the reasons set forth in the Court's Opinion issued on this day,

IT IS on this 23rd day of June, 2006,

ORDERED that Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2255 is hereby **denied.**

Dennis M. Cavanaugh, U.S.D.J.

Date:        June 23, 2006
Original:    Clerk's Office
cc:          All Counsel of Record
             File